[Cite as *State v. Hopson*, 2018-Ohio-4552.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2018CA00109 |
| | : | |
| PEYTON JOHN WESLEY HOPSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of Common Pleas, Case No. 2013CR1982

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: November 5, 2018

APPEARANCES:

For Plaintiff-Appellee:

JOHN D. FERRERO
STARK COUNTY PROSECUTOR

RONALD MARK CALDWELL
110 Central Plaza South, Suite 510
Canton, OH 44702-1413

For Defendant-Appellant:

PEYTON HOPSON, PRO SE
Inmate # A662-444
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, OH 43950-0540

*Delaney, J.*

{¶1}   Defendant-Appellant Peyton John Wesley Hopson appeals the July 10, 2018 judgment entry of the Stark County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On February 3, 2014, the Stark County Grand Jury indicted Defendant-Appellant Peyton John Wesley Hopson on five counts. Count One of the Indictment charged Hopson with felonious assault, in violation of R.C. 2903.11(A)(1) and/or (A)(2), with a repeat violent offender specification, a felony of the second degree. Count Two charged Hopson with rape, in violation of R.C.2907.02(A)(2), with repeat violent offender and sexually violent predator specifications, a felony of the first degree. Count Three charged Hopson with kidnapping, in violation of R.C. 2905.01(A)(2) and/or (3) and/or (4) and/or (B)(1) and/or (2), with repeat violent offender, sexually violent predator, and sexual motivation specifications, a felony of the first degree. Count Four charged Hopson with felonious assault, in violation of R.C. 2903.11(A)(1) and/or (A)(2), with a repeat violent offender specification, a felony of the second degree. Count Five charged Hopson with notice of change of address; registration of new address, in violation of R.C. 2950.05(A)(F)(1) and R.C. 2950.99(A), a felony of the third degree.

{¶3}   Relevant to this appeal, the matter proceeded to a jury trial on Count One, felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2), with a repeat violent offender specification, a felony of the second degree. The jury found Hopson guilty of felonious assault pursuant to R.C. 2903.11(A)(1) and/or (A)(2) and the trial court found Hopson guilty of the accompanying repeat violent offender specification. The trial court

sentenced Hopson to an aggregate prison term of 14 years: eight years for the felonious assault and six years for the repeat violent offender specification.

{¶4}   Hopson appealed his convictions and sentences in *State v. Hopson*, 5th Dist. Stark No. 2014CA00163, 2015-Ohio-2848. He raised two assignments of error: (1) the trial court erred in preventing Hopson from representing himself at trial and (2) his convictions were against the sufficiency and manifest weight of the evidence. We overruled both assignments of error and affirmed Hopson's convictions and sentences.

{¶5}   On June 22, 2018, Hopson filed a pro se motion for resentencing. He argued his sentence for the repeat violent offender specification was void because the trial court erred when it made independent judicial findings of seriousness of the crime, serious physical harm, and recidivism. The trial court denied the motion on July 10, 2018.

{¶6}   It is from this judgment entry Hopson now appeals.

**ASSIGNMENT OF ERROR**

{¶7}   Hopson raises one Assignment of Error:

{¶8}   "THE TRIAL COURT ERRED WHEN MAKING INDEPENDENT JUDICIAL FINDINGS OF SERIOUSNESS OF THE CRIME, SERIOUS PHYSICAL HARM AND RECIDIVISM UNDER R.V.O. SPECIFICATION (JULY 23, 2014 TR. AT 11-14)."

**ANALYSIS**

{¶9}   Hopson contends in his sole Assignment of Error that the trial court erred in sentencing him to an additional six years incarceration on the repeat violent offender specification. We disagree.

{¶10} We first find that Hopson's argument is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted

defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus, approving and following *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶11} The record in this case shows that Hopson did not object during trial to the trial court's determination as to the repeat violent offender specification. Hopson also did not raise the issue in his direct appeal.

{¶12} Assuming arguendo the matter is not barred by the doctrine of res judicata, we find Hopson's argument to be meritless. The indictment contained a repeat violent offender specification pursuant to R.C. 2941.149. The specification alleged Hopson had been previously convicted of or plead guilty to Kidnapping and/or Attempted Rape, in Mahoning County Common Pleas Court (Case No. 1990 CR 00727), on or about February 20, 1991. The jury found Hopson guilty of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1) and/or (A)(2). R.C. 2903.11(A)(1) and (A)(2) state as follows:

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶13} The trial court classified Hopson as a repeat violent offender. The Ohio Revised Code defines a "repeat violent offender" as "a person about whom both of the following apply:

(1) The person is being sentenced for committing or for complicity in committing any of the following:

(a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;

* * *

(2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.

R.C. 2929.01(CC).

{¶14} R.C. 2929.14 governs felony sentencing and prison terms. The trial court found Hopson to be a repeat violent offender and sentenced Hopson pursuant to R.C. 2929.14(B)(2)(a):

(2)(a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, *or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.* (Emphasis added.)

(iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section * * * are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section * * * are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh

the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

{¶15} Hopson contends the trial court's sentence pursuant to the repeat violent offender classification was contrary to law. He states the trial court engaged in impermissible fact-finding when determining whether the elements of R.C. 2929.14(B)(2)(a)(ii) were met.

{¶16} We addressed the element of "serious physical harm" in *State v. Bishop*, 5th Dist. Stark No. 2014CA00190, 2015-Ohio-3023. In that case, the defendant was convicted by a jury of felonious assault in violation of R.C. 2903.11(A)(2) and the trial court found the defendant guilty of the repeat violent offender specification. Because the defendant was charged and convicted with R.C. 2903.11(A)(2), the issue of whether the defendant inflicted serious physical harm on the victim was not submitted to the jury. *Id.* at ¶ 18. This Court was asked to determine whether the "trier of fact" for purposes of determining whether the offense involved serious physical harm under R.C. 2929.14(B)(2)(a)(ii) was the jury or the trial court. *Id.*

{¶17} We held:

In *State v. Smith*, 8th Dist. Cuyahoga No. 82710, 2004–Ohio–3479, the court of appeals held that Ohio's statutory scheme for RVO specifications for second-degree felony offenses requires the trial court make a finding of guilt relative to the RVO specification, including the fact-finding relative to the "serious physical harm" component of R.C. 2929.14(B)(2)(a)(ii) at issue in the instant case. However, this holding was overturned in a federal habeas corpus proceeding, in which the federal district court held that the

statutory requirement that the trial court, rather than the jury, make the "serious physical harm" finding violates the Sixth Amendment:

> The holding in *Apprendi* established that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 489, 120 S.Ct. 2348. Mr. Smith received the statutory maximum of eight years for felonious assault. That the trial court then resorted to judicial fact-finding to establish a separate additional sentence of nine years predicated on the Petitioner's repeat offender status and the assignment of the eight year statutory maximum for felonious assault, clearly marks the additional sentence as unconstitutional under *Apprendi*. Accordingly, Mr. Smith's independent nine-year sentence is contrary to clearly established federal law and he is entitled to habeas relief on the merits.

*Smith v. Petkovich*, 562 F.Supp.2d 912, 922 (N.D.Ohio 2008).

Based on the decision of the federal district court in Smith, the trial court erred in finding that appellant's crime resulted in serious physical harm without submitting the issue to the jury.

*State v. Bishop*, 5th Dist. Stark No. 2014CA00190, 2015-Ohio-3023, 2015 WL 4554662, ¶¶ 19-21

{¶18} The procedural scenario in the present case can be differentiated from that in *State v. Bishop.* In this case, Hopson was charged and convicted of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2). Subsection (A)(1) defines felonious assault as causing serious physical harm and the jury found Hopson inflicted serious physical harm on the victim. Accordingly, in this case, the trier of fact found that the offense involved an attempt to cause or a threat to cause serious physical harm to a person, or resulted in serious physical harm to a person.

{¶19} Upon review of the record, we conclude the trial court further correctly considered the appropriate recidivism and seriousness factors, made the required findings, gave the necessary reasons for its findings, and properly applied the statutory guidelines before sentencing Hopson to an additional six years on the repeat violent offender specification. Hopson was properly classified as a repeat violent offender and the trial court sentenced Hopson in accordance with the law. Thus, the trial court's judgment entry to overrule Hopson's motion for resentencing is affirmed.

{¶20} Hopson's sole Assignment of Error is overruled.

**CONCLUSION**

{¶21} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.