[Cite as *Curry v. Columbia Gas of Ohio, Inc.*, 2020-Ohio-2693.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Carline Curry, | : | |
| Plaintiff-Appellant, | : | No. 19AP-618 |
| | | (C.P.C. No. 18CV-2188) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Columbia Gas of Ohio, Inc. et al., | : | |
| Defendants-Appellees. | : | |

---

D E C I S I O N

Rendered on April 28, 2020

---

**On brief**: *Carline Curry*, pro se.

**On brief**: *McDonald Hopkins, LLC*, *Matthew R. Rechner*, and *Joseph M. Muska*, for appellee Columbia Gas of Ohio, Inc.

**On brief**: *Dave Yost*, Attorney General, and *Crystal R. Richie*, for appellee Ohio Department of Insurance.

**On brief**: *Crabbe, Brown & James, LLP*, and *Matthew R. Planey*, for appellee Ohio Fair Plan Underwriting Association.

**On brief**: *Baker, Dublikar, Beck, Wiley & Mathews*, *Gregory A. Beck*, and *Andrea K. Zlarko*, for appellee City of Mansfield.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Carline Curry, plaintiff-appellant, appeals from several judgments of the Franklin County Court of Common Pleas. In those judgments, as pertinent here, the court

granted the motion for summary judgment filed by the City of Mansfield ("the City"), defendant-appellee; granted the motion for summary judgment filed by the Richland County Land Reutilization Corporation ("Land Bank"), defendant-appellee; granted the motion to dismiss filed by the Ohio Department of Insurance ("ODI"), defendant-appellee; granted the motion for summary judgment filed by Columbia Gas of Ohio, Inc. ("Columbia Gas"), defendant-appellee; granted the motion to dismiss filed by Ohio FAIR Plan Underwriting Association ("FAIR Plan"), defendant-appellee; granted the motion to dismiss filed by William Bretnell and PT&C|LWG Forensic Consulting Services (collectively "PT&C|LWG"), defendant-appellee; and granted appellant judgment against attorney Byron Corley ("attorney Corley"), defendant-appellee.

{¶ 2}   From February 2012 to July 2014, appellant e-mailed the City several times to communicate various complaints about the quality of the water at her residence, which she purchased in 2005. The City ran tests but found no problems with her water. From December 2014 to September 2016, appellant contacted the City to communicate various complaints about alleged leaks in water pipes in front of her house and in other parts of the city and broken pumps at lift stations, resulting in sinkholes, her yard becoming saturated, and her basement flooding. The City inspected appellant's and the City's sewer pipes, finding the City's main line was in good condition with no leaks but appellant's lateral line had possible problems. Furthermore, the City knew of no problems with the lift station that would affect appellant's property.

{¶ 3}   Appellant alleged she first notified Columbia Gas in 2013 of the smell of gas near her house. Columbia Gas apparently investigated, but she claimed they took no action to repair the leak. Appellant alleged that, on March 16, 2015, an explosion occurred at 612 Bowman Street, Mansfield, Ohio, which is an abandoned house beside her house. She claimed she experienced property damage from the explosion that caused her property to shift and a joist to break away in her basement. Appellant contacted Columbia Gas on two separate occasions the same day, and they immediately sent two service technicians on both occasions to test for a gas leak at appellant's house and the abandoned neighboring house. They found no leaks or evidence of an explosion, but found water flooding the basement of the abandoned house and learned that the natural gas had been disconnected at the abandoned house since 2011. Appellant alleges that the

Land Bank, through an agreement with the City, eventually demolished the abandoned house and improperly filled in the ground, causing more flooding issues at her house.

{¶ 4} On March 20, 2015, appellant submitted a claim under her homeowner's insurance policy with FAIR Plan. On September 3, 2015, PT&C|LWG, on behalf of FAIR Plan, inspected appellant's and her neighbor's properties. PT&C|LWG found no evidence of an explosion and any damage to appellant's property was caused by long-term movement of soil or prior framing alterations. On October 3, 2015, FAIR Plan denied appellant's claim, finding any damages to appellant's home were not caused by an explosion but by other conditions not covered under the policy. On November 19, 2015, appellant timely appealed the claim denial to the FAIR Plan's Board of Governors ("Board"). On November 20, 2015, the Board affirmed the decision of FAIR Plan. Appellant timely appealed the Board's decision to the Superintendent of ODI ("Superintendent"). After a hearing on May 17, 2016, the hearing officer issued a report and recommendation in which he recommended the Superintendent affirm the decision of the Board. On August 17, 2016, the Superintendent adopted the report and recommendation of the hearing officer, and the Superintendent's order was mailed on August 19, 2016 and included a notification that appellant had 15 days from the date of mailing of the Superintendent's order to appeal the matter to the Franklin County Court of Common Pleas. Appellant did not file a notice of appeal until September 21, 2016 and named ODI as appellee but not FAIR Plan. On October 26, 2016, ODI filed a motion to dismiss appellant's appeal as untimely and having been filed against the wrong party. On December 16, 2016, the trial court granted ODI's motion to dismiss.

{¶ 5} On March 13, 2018, appellant filed a complaint against Columbia Gas; FAIR Plan; ODI; the City (including the Land Bank, "Mayor Theaker," and "Mrs. Amie"); "Mr. Rohs" and PT&C|LWG; and attorney Corley, alleging a variety of claims concerning the above circumstances. She filed an amended complaint on March 14, 2018, naming Columbia Gas; FAIR Plan; ODI; the City and Mayor Theaker; William Bretnell and PT&C|LWG; and attorney Corley.

{¶ 6} On April 2, 2018, FAIR Plan filed a motion to dismiss based upon Civ.R. 12(B)(1) and (6). On April 26, 2018, the trial court granted FAIR Plan's motion based upon: (1) Civ.R. 12(B)(1) because appellant failed to exhaust all administrative remedies

when she failed to timely appeal the Superintendent's decision, and (2) Civ.R. 12(B)(6) because the complaint did not set forth sufficient facts and allegations to put FAIR Plan on notice of the nature of the action.

{¶ 7} On April 11, 2018, ODI filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a valid claim for relief against ODI. On April 26, 2018, the trial court granted ODI's motion to dismiss based upon: (1) Civ.R. 12(B)(1) because the trial court did not have jurisdiction over an appeal of a previously dismissed administrative appeal or a claim for monetary damages against a governmental entity, and (2) Civ.R. 12(B)(2) because the complaint did not put ODI on notice of what claims appellant was asserting against it.

{¶ 8} On October 22, 2018, PT&C|LWG filed a Civ.R. 12(B)(6) motion to dismiss. On November 30, 2018, the trial court granted the motion to dismiss based upon appellant's failure to allege any facts in her complaint pertaining to PT&C|LWG.

{¶ 9} On November 28, 2018, Columbia Gas filed a motion for summary judgment. On December 13, 2018, the trial court granted Columbia Gas's motion for summary judgment, finding that res judicata barred appellant's claims, and, even if not barred by res judicata, appellant could not support her claims that an explosion occurred. The trial court issued a judgment on December 18, 2018.

{¶ 10} On December 8, 2018, the Land Bank filed a motion for summary judgment. On January 2, 2019, the trial court granted the Land Bank's motion for summary judgment based upon governmental immunity.

{¶ 11} On December 12, 2018, the City filed a motion for summary judgment. On December 27, 2018, the trial court granted the City's motion for summary judgment based upon sovereign immunity.

{¶ 12} On May 13, 2019, the magistrate held a trial on her remaining claims against attorney Corley and issued a decision awarding appellant $1,300 from attorney Corley. Appellant filed objections. On June 24, 2019, the trial court issued a judgment entry in which it overruled appellant's objections to the magistrate's decision and entered judgment with regard to the $1,300 award to appellant from attorney Corley.

{¶ 13} Appellant, pro se, appeals the judgments of the trial court. However, appellant has not set forth any assignments of error.

{¶ 14} After reviewing appellant's brief and the record before us, we find appellant's brief is fraught with serious and fatal deficiencies. Appellant's brief sets forth no assignments of error and contains no citations to the record. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). We do not determine appeals based on mere arguments and may dismiss any arguments not specifically included in an assignment of error. *See Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-713, 2019-Ohio-3788, ¶ 11, fn. 2, citing App.R. 12(A)(1)(b); *Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9. Consequently, without assignments of error, an appellate court has nothing to review. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16. Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error. *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2. Many times, however, appellate courts instead review the appealed judgment using the appellant's arguments in the interest of serving justice. *Asamoah* at ¶ 6; *Tonti* at ¶ 2.

{¶ 15} Appellant cites only general, largely inapplicable portions of the Ohio Constitution, Ohio Rules of Civil Procedure, United States Code, and Ohio Administrative Code, and lists four cases with incomplete citations and no explanation as to their relevancy or applicability. An appellant must support the assignments of error with citation to legal authority. *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 (citing App.R. 16(A)(7) and 12(A)(2)). In addition, App.R. 16(A)(7) requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions." However, here, appellant's argument consists of only five sentences that merely point out that each defendant was negligent in a conclusory manner without any reasoning or analysis. Appellant fails to address any of the underlying legal bases for each of the trial court's judgments. Therefore, we find appellant failed to adhere to the requirements of the Ohio Appellate Rules.

{¶ 16} Although we find appellant's arguments deficient and fatal to her appeal, we have reviewed the trial court's judgment and find no reversible errors therein. With regard to Fair Plan, the trial court properly granted its motion to dismiss based upon appellant's failure to exhaust all her administrative remedies because she failed to timely appeal the Superintendent's order. With regard to Columbia Gas, the trial court properly granted summary judgment because appellant failed to demonstrate a genuine issue of material fact existed to show that an explosion occurred. With regard to the City and Land Bank, the trial court properly granted summary judgment based upon sovereign immunity. With regard to ODI, the trial court properly granted its motion to dismiss based on: (1) Civ.R. 12(B)(1) because immunity applied and the common pleas court had no subject-matter jurisdiction, and (2) Civ.R. 12(B)(6) because, even taking everything in the complaint and attachments as true, appellant raised no allegation of wrongdoing against ODI. As for attorney Corley, we find no error in the trial court's finding in appellant's favor on the issue of negligence and the award of $1,300.

{¶ 17} Accordingly, the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

_____