[Cite as *A.O. v. R.O.*, 2020-Ohio-5198.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

[A.O.],                                          :

     Plaintiff-Appellee,            :

                                                No. 19AP-671

v.                                               :          (C.P.C. No. 17DR-4500)

[R.O.],                                          :          (REGULAR CALENDAR)

     Defendant-Appellant.           :

---

D E C I S I O N

Rendered on November 5, 2020

---

**On brief:** R.O., pro se. **Argued:** R.O.

**Argued:** A.O., pro se.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

NELSON, J.

{¶ 1} Defendant-appellant R.O. appeals from the judgment entry and divorce decree issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, that named plaintiff-appellee A.O. the residential parent and legal custodian of the parties' four minor children. Appellant asserts that the trial court overlooked custody "rights" established either in a now closed Kentucky juvenile dependency, neglect, and abuse case or in the parties' long dismissed Kentucky divorce proceeding and that it also improperly discounted appellee's alleged violation and contempt of Kentucky orders; he additionally suggests that the trial court should have granted the parties "50-50 custody" of the children (with the children "doing half a school semester in one state and half * * * of the remaining semester in the other state") and that it should have allocated the parties' debts differently. (Appellant's Brief at 3-4.) He does not formally assign errors for us to

review, and in any event does not demonstrate that the trial court committed reversible error in this case. We affirm the divorce decree.

{¶ 2} The parties were married in Bowling Green, Kentucky on December 27, 2000 and have four minor children. On December 19, 2013, the Bowling Green office of the Kentucky cabinet for health and family services filed juvenile dependency, neglect, and abuse petitions on behalf of children following a violent incident between appellant and appellee. The children were placed in the temporary custody of the cabinet before being placed with relatives in Ohio. In August 2014, Kentucky returned sole custody of the children to appellee with telephonic and supervised visitation afforded to appellant. A Kentucky appellate court affirmed the trial court judgment. Appellant then filed several motions asserting that appellee was not compliant with the trial court's order on visitation; the trial court denied the motions, and on March 14, 2018 issued an order closing the file in that matter.

{¶ 3} While the dependency, neglect, and abuse case was pending, appellant in June 2014 commenced a case in the Hardin Circuit Court in Kentucky to dissolve the parties' marriage. The Hardin Circuit Court dismissed the action in August of that year for deficiencies in the petition. However, the dissolution case was mistakenly transferred to the Warren Circuit Court of Kentucky in January of 2015. The Warren Circuit Court discovered the error and in June of 2016 issued an order vacating orders it previously had entered. Appellant continued to pursue the dissolution in the Warren Circuit Court, leading to more orders from that court in 2016 and 2017 repeating that no dissolution case existed and, therefore, that appellant's motions and affidavit to that court were improperly filed.

{¶ 4} The parties' legal proceedings shifted to this state when appellee moved to Ohio and, in December 2017, filed a complaint for divorce in the Franklin County Court of Common Pleas. Appellant filed an answer and counterclaim on January 18, 2018. The trial court appointed a guardian ad litem ("GAL") for the children.

{¶ 5} On November 15, 2018, a magistrate set temporary orders establishing appellee as the temporary legal and residential parent for the four children, ordering appellant to pay child support in the amount of $102.19 per month, and ordering both parties to complete a parenting certification. Appellant's parenting time was initially stayed

pending the verification of post-traumatic stress disorder diagnoses for the children and confirmation of the source of the trauma.

{¶ 6} The GAL reported that the 17, 15, and 13-year-old minor children were diagnosed with PTSD stemming in part from conflict in the home and from having observed domestic violence. The 15-year-old and 13-year-old children also had diagnoses of bipolar disorder and adjustment disorder, respectively, and the 11-year-old child was diagnosed with general anxiety disorder. All four children reported to the GAL that they did not want to see their father; the GAL opined that the three older children were of the age and maturity level to express their wishes on the matter. The GAL noted that the children's mental health issues seemed to be exacerbated by their relationship with appellant and that, compounding the problem, appellant did not appear to accept the legitimacy of the mental health concerns. In the GAL's view, granting appellee sole legal and residential custody of the children was in the children's best interest. Further, the GAL had reservations about making any recommendation for parenting time with appellant without a counselor's recommendation.

{¶ 7} A hearing on the divorce was held in February 2019. No transcript of the hearing was filed in this appeal. By way of uncontested statements in the judgment entry and divorce decree, we know "[appellant] wholly refused to participate in the discovery process as directed by the [c]ourt" in its case management order. (Divorce Decree at 1.)

{¶ 8} In allocating parental rights and responsibilities, the trial court noted that neither party submitted a shared parenting plan, and proceeded to analyze the statutory factors listed in R.C. 3109.04(F)(1). The trial court expressly considered: the children's medical disorders discussed by the GAL, which in certain cases were directly linked to violent actions of appellant; that appellant admitted to not seeing the children in the two years preceding the hearing and "ha[d] made no serious-attempts to re-establish contact or exercise his court-ordered parenting time with the children"; that the children are "happy and well-adjusted" to living alone with their mother, who has "dutifully attended to the counseling and mental health needs of the minor children"; that although appellant demands supervised parenting time in the Cincinnati area (roughly half way between the parties) he "had no track record of exercising his current allotment of parenting time" and such an arrangement was not in the best interest of the children; that appellant was

delinquent in paying court ordered child support; that appellant had five previous assault convictions, two involving appellee and the remaining three involving other women with whom he had been in relationships; and credible testimony offered into evidence that established that the children directly witnessed acts of domestic violence committed by appellant against appellee. (Divorce Decree at 7-9.)

{¶ 9} Considering the evidence and the statutory factors, and (perhaps nevertheless) of the view that "it is important for [appellant] to reestablish a relationship with the minor children," the trial court ordered appellee to serve as legal custodian and residential parent of the children with appellant afforded telecommunication with the children for at least 15 minutes per week and, initially, three hours of supervised parenting time with the two younger children on the third Saturday of each month with some contingent opportunity to increase those visits. The trial court adopted the child support computation established in the magistrate's order and ordered appellant to pay the arrearage.

{¶ 10} Regarding the parties' debts, the trial court allocated to appellee $16,028.50 of a joint debt to an insurance company and noted that she would be solely responsible for her own student loans. The trial court allocated to appellant $8,232.50 of a joint debt to an insurance company, a $5,604 judgment, and three bills in the amount of $737, $410, and $394. The trial court ordered that the party to whom the allocation was made "shall hold the other party harmless from any obligation or liability related to thereto." (Divorce Decree at 5.)

{¶ 11} Appellant has failed not only to set forth assignments of error for our review, App.R. 16(A)(3), but also to make appropriate references to the parts of the record involved, App.R. 16(A)(3), (A)(6), (A)(7), (D). These deficiencies alone can be "fatal" to an appeal. *Curry v. Columbia Gas of Ohio, Inc.*, 10th Dist. No. 19AP-618, 2020-Ohio-2693, ¶ 14, 16. *See* App.R. 12(A)(1)(b) (appellate court's duty is to determine an appeal on the merits of assignments of error); App.R. 12(A)(2) (permitting court to disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding that appellate courts "rule[ ] on assignments of error only, and will not address mere arguments").

{¶ 12} When, in the interest of serving justice, *Curry* at ¶ 14, we consider appellant's general challenges to the trial court's decision concerning custody of the children, handling of the parties' debt, and the earlier visitation order issued in a Kentucky court, we find no basis for appellant's request to reverse the trial court here.

{¶ 13} Appellant appears to assert that the trial court erred by overlooking visitation orders established in the Kentucky juvenile dependency, neglect, and abuse case and what he characterizes as appellee's violation and contempt of a then "vacated" order of visitation issued in the parties' short-circuited Kentucky divorce proceeding: he asserts that such violations "will be proven." (Appellant's Brief at 3.) He does not point to any ongoing activity in the dismissed Kentucky divorce case or the closed juvenile dependency, neglect, and abuse case. And we note that he disregarded the trial court's discovery order here. *Compare* App.R. 9 and 16(A)(7); *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *McKahan v. CSX Transp., Inc.*, 10th Dist. No. 09AP-376, 2009-Ohio-5359, ¶ 10 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf).

{¶ 14} As to custody, appellant suggests that the trial court should have granted the parties "50/50 custody, with the children doing half a school semester in one state and half of the remaining semester in the other state allowing the children to choose where they want to graduate from by [11th grade]" and equal vacation splits and counseling. (Appellant's Brief at 4.) We lack a transcript of the hearing to fully review this issue, *Johnson v. Johnson*, 10th Dist. No. 19AP-84, 2019-Ohio-5138, ¶ 15, and, regardless, find no support for appellant's contention that shared custody between the parties, particularly in the manner suggested by appellant, would be in the best interest of the children. Appellant has not demonstrated the trial court abused its discretion in ordering appellee to serve as the sole legal custodian and residential parent of the children. *See Pallone v. Pallone*, 10th Dist. No. 17AP-409, 2017-Ohio-9324, ¶ 36 ("[A] trial court must follow R.C. 3109.04 when deciding child custody matters but it has broad discretion when determining what is the appropriate allocation of parental rights and responsibilities").

{¶ 15} Finally, appellant's suggestion that the issue of the parties' shared debts "should be taken up in the state of Kentucky" or that the parties should both agree to file

bankruptcy do not support reversal of the decree. (Appellant's Brief at 4.) Again, appellant's unsupported opinion is insufficient to demonstrate error on appeal, *Sims* and *Johnson*, and the trial court's nearly equal allocation of the parties' shared debts does not otherwise warrant reversal absent a showing that division is not equitable. *Caleshu v. Caleshu*, 10th Dist. No. 19AP-742, 2020-Ohio-4075, ¶ 9-13 (discussing that the division of marital debt must be "equitable," a matter subject to the exercise of the trial court's discretion).

{¶ 16} Overruling any claim of error that appellant has advanced, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.