[Cite as *State v. Robinson*, 2021-Ohio-2572.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                 :

                                          No. 20AP-562

v.                                                       :                (C.P.C. No. 18CR-3705)

Marvin R. Robinson,                         :                (ACCELERATED CALENDAR)

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on July 27, 2021

---

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Marvin R. Robinson*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Marvin R. Robinson, pro se, appeals a judgment of the Franklin County Court of Common Pleas denying his motion to correct an unlawful sentence. For the following reasons, we affirm.

{¶ 2} In 2019, the jury found appellant guilty of attempted murder and felonious assault, each with a three-year firearm specification. The trial court found appellant guilty of the RVO specification that attached to each of those two counts, as well as having a weapon while under disability. The felonious assault count and its specifications merged into the attempted murder count and specifications, and the trial court sentenced appellant to an aggregate 24 years in prison.

{¶ 3}    Appellant appealed his convictions to this court, urging that the verdicts were against the manifest weight of the evidence and that the trial court erred in denying his Crim.R. 29 motion for acquittal.  We rejected appellant's challenges and affirmed his convictions.  *State v. Robinson*, 10th Dist. No. 19AP-472, 2020-Ohio-3557.  The Supreme Court of Ohio declined discretionary review.  *State v. Robinson*, 160 Ohio St.3d 1448, 2020-Ohio-5169.

{¶ 4}    On November 4, 2020, appellant filed in the trial court a "Motion to correct unlawful sentence pursuant to R.C. 2929.14(D)(2)(a)(B)(ii) [and] R.C. 2941.25(a)(B)." (Sic passim).  Appellant argued that he was unlawfully sentenced to an additional 10-year prison term on the RVO specification because his prior felony convictions occurred outside the 20-year time limit set forth in R.C. 2929.14(B)(2)(b).  Plaintiff-appellee, State of Ohio, opposed the motion, arguing that it: (1) was a nullity, as trial courts cannot reconsider their own valid final judgments in criminal cases; (2) was an untimely, procedurally barred petition for postconviction relief; (3) was barred by res judicata; and (4) failed on the merits.

{¶ 5}    On November 17, 2020, the trial court issued a decision and entry denying appellant's motion without analysis.  Appellant has timely appealed the trial court's judgment.

{¶ 6}    Preliminarily, we note that appellant's brief does not set forth assignments of error.  Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."  Assignments of error are critical because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16."  App.R. 12(A)(1)(b).  " 'This court rules on assignments of error, not mere arguments.' "  *Hamid v. Univ. Manors, Ltd.*, 10th Dist. No. 20AP-74, 2021-Ohio-2115, ¶ 16, quoting *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b).  Thus, without assignments of error, an appellate court has nothing to review.  *Id.*, citing *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16.

{¶ 7}    Because appellant has failed to set forth assignments of error, this court need not address appellant's arguments in order to affirm the trial court's judgment.  *Id.* at ¶ 17, citing *State v. Botts,* 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9.  "Appellate courts have

discretion to dismiss appeals that fail to set forth assignments of error." *Id.*, citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5. However, in the interests of justice, we will address appellant's argument to the extent necessary to resolve this appeal.

{¶ 8} Essentially, appellant argues that the trial court erred in denying his motion to vacate the sentence imposed on the RVO specification. Although the trial court did not set forth its grounds for denying the motion, we must affirm the trial court's judgment if there are any valid grounds to support it. *State v. Neguse*, 10th Dist. No. 20AP-275, 2021-Ohio-2245, ¶ 11, citing *Schottenstein, Zox & Dunn, LPA v. C.J. Mahan Constr. Co., LLC*, 10th Dist. No. 08AP-851, 2009-Ohio-3616, ¶ 16, citing *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990).

{¶ 9} We find no error in the trial court's decision denying appellant's motion. Appellant's contention that the trial court's alleged sentencing error renders his sentence void and subject to collateral attack lacks merit. In *State v. Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, the Supreme Court of Ohio recently "realign[ed]" its void-sentence jurisprudence and returned to "the traditional understanding of what constitutes a void judgment." *Id.* at ¶ 4. The court stated that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. When a sentencing court has jurisdiction to act, sentencing errors render the sentence "voidable, not void, and [the sentence] is not subject to collateral attack." *Id.* at ¶ 5. "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 19, citing *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 10} In the present case, the trial court had subject-matter jurisdiction over appellant's case and personal jurisdiction over appellant. *See Harper* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8 (stating that " 'a common pleas court has subject-matter jurisdiction over felony cases' "); *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927) (noting that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). As such, any error in the exercise of the trial court's

jurisdiction rendered appellant's sentence voidable, not void. *State v. Thompson*, 10th Dist. No. 19AP-359, 2020-Ohio-6756, ¶ 12.

{¶ 11} Appellant could have, but did not, raise an argument regarding his sentence on the RVO specification at the time he was sentenced or in his direct appeal. As appellant's sentence for the RVO specification was not void, res judicata bars appellant's claims in the present appeal. *See State v. Hopson*, 5th Dist. No. 2018CA00109, 2018-Ohio-4552; *State v. Roberts*, 1st Dist. No. C-190570, 2020 Ohio App. LEXIS 2413; *State v. Ibn-Ford*, 9th Dist. No. C.A. 27380, 2015-Ohio-753.

{¶ 12} Based on the foregoing, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., & BROWN, J., concur.

————————————