[Cite as *State v. R.L.W.*, 2024-Ohio-1249.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 23AP-209 (M.C. No. 2022CRX-052122) |
| [R.L.W.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 2, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** [*R.L.W.*], pro se.

APPEAL from the Franklin County Municipal Court

BOGGS, J.

{¶ 1} Defendant-appellant, R.L.W., appeals a judgment of the Franklin County Municipal Court that denied his application to seal the record of the dismissal of a charge against him for aggravated robbery. For the following reasons, we reverse that judgment and remand for further proceedings.

{¶ 2} On November 18, 2022, R.L.W. filed applications to seal the records in multiple municipal court cases pursuant to former R.C. 2953.52. The trial court granted all but one application, which is the subject of this appeal. In the appealed case, R.L.W. sought to seal records related to a 2016 charge of aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A). The trial court dismissed the aggravated robbery charge less than ten days after it was filed. R.L.W. was subsequently indicted in the United States District Court for the Southern District of Ohio on charges arising out of the same

circumstances that gave rise to the aggravated robbery charge. R.L.W. was ultimately convicted of federal offenses and sentenced to 15 years in prison.

{¶ 3} The trial court denied R.L.W.'s application to seal the record of the dismissed charge in a judgment time stamped February 17, 2023, but not entered on the record until February 21, 2023.[1] The trial court stated that it denied R.L.W.'s application because the "municipal court [was] not the appropriate venue for that case number." (Feb. 17, 2023 Entry.)

{¶ 4} R.L.W. now appeals the February 17, 2023 judgment. Plaintiff-appellee, the State of Ohio, initially argues that this court should dismiss R.L.W.'s appeal as untimely pursuant to App.R. 4. The state contends that R.L.W. filed his notice of appeal well after the 30-day window to appeal the February 17, 2023 judgment had closed. We disagree.

{¶ 5} "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 3(A). If an appellant fails to meet the timing requirements of App.R. 4, then the court of appeals lacks jurisdiction to hear the appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17.

{¶ 6} Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." The timing requirement of App.R. 4(A)(1) is subject to App.R. 4(A)(3), which states that, "[i]n a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day period[ ] referenced in App.R. 4(A)(1) * * * begin[s] to run on the date when the clerk actually completes service." According to Civ.R. 58(B):

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete.

---

[1] We will refer to this judgment as the February 17, 2023 judgment. Ideally, the time stamp on a judgment should match the date a judgment is entered on the record.

{¶ 7}    Construed together, App.R. 4(A)(1) and (A)(3) establish service of the notice of judgment as the triggering event that starts the 30-day appeal period. *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, ¶ 6. If timely service is accomplished pursuant to Civ.R. 58(B), then the appeal period begins to run on the date of judgment; but where such service is lacking, the appeal period is tolled until the clerk completes service. *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, ¶ 16; *accord Gator Milford, L.L.C.* at ¶ 7 ("Timeliness is defined as 30 days from the date of the final order or from the date that the clerk completes service if service is not completed within three days of entering the judgment on the journal.").

{¶ 8}    Expungements are civil in nature. *State v. Powers*, 10th Dist. No. 15AP-422, 2015-Ohio-5124, ¶ 25. Consequently, we apply App.R. 4(A)(3) and Civ.R. 58(B) to determine whether R.L.W. filed a timely appeal. *See State v. Hutchen*, 191 Ohio App.3d 388, 2010-Ohio-6103, ¶ 6 (2d Dist.) (noting the civil nature of expungement and applying App.R. 4 and Civ.R. 58(B) to determine the timeliness of the appeal from a judgment denying an application for expungement). The February 17, 2023 judgment does not contain a Civ.R. 58(B) directive to the clerk, and no notation of service of the judgment appears in the trial court's journal. Because the clerk did not accomplish service as required by Civ.R. 58(B), the period to appeal the February 17, 2023 judgment never began to run. R.L.W.'s appeal, therefore, is timely.

{¶ 9}    Although R.L.W. filed a timely notice of appeal, he failed to comply with the Rules of Appellate Procedure when he filed his brief. Most problematically, R.L.W. does not set forth any assignments of error as required in App.R. 16(A)(3). Assignments of error are particularly critical to an appeal because courts of appeal decide each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). Courts of appeal have discretion to dismiss appeals that fail to set forth assignments of error. *State v. Robinson*, 10th Dist. No. 20AP-562, 2021-Ohio-2572, ¶ 7; *Marshall v. Marshall*, 10th Dist. No. 20AP-284, 2021-Ohio-2003, ¶ 2; *Curry v. Columbia Gas of Ohio, Inc.*, 10th Dist. No. 19AP-618, 2020-Ohio-2693, ¶ 14. However, in the interest of serving justice, courts of appeal may instead review the appealed judgment using the appellant's arguments. *Jabr v. Columbus*, 10th Dist. No. 23AP-182, 2023-Ohio-2781, ¶ 13; *Marshall* at ¶ 2; *Curry* at ¶ 14. We will do that in this case.

{¶ 10} Here, R.L.W. argues that the trial court erred in concluding that it was not the "appropriate venue" for his application to seal the dismissal of his aggravated robbery charge. (Feb. 17, 2023 Entry.) We agree.

{¶ 11} The statutory law in effect at the time that R.L.W. applied to seal his dismissal governs this case. *See State v. G.K.*, 169 Ohio St.3d 266, 2022-Ohio-2858, ¶ 4, fn. 1 ("the statutory law in effect at the time of filing an application to seal criminal records is controlling"). According to that law, "[a]ny person, * * * who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." Former R.C. 2953.52(A)(1), 2011 Ohio Sub.S.B. 268. The outcome of this case depends on the interpretation of this statute, which is a question of law. *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, ¶ 6; *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 9. We thus apply the de novo standard of review. *Vanzandt* at ¶ 6; *Pariag* at ¶ 9.

{¶ 12} When interpreting a statute, a court's objective is to ascertain and give effect to legislative intent. *Vanzandt* at ¶ 7; *Pariag* at ¶ 10. We primarily define legislative intent from the plain language of a statute. *Vanzandt* at ¶ 7; *Pariag* at ¶ 10. If the meaning of a statute is plain, the court applies it as written and undertakes no further interpretation of the statute. *Vanzandt* at ¶ 7; *Pariag* at ¶ 10. " 'To determine the plain meaning of a statute, a court relies on the definitions provided by the legislative body.' " *State v. Bertram*, ___ Ohio St.3d ___, 2023-Ohio-1456, ¶ 11, quoting *Lingle v. State*, 164 Ohio St.3d 340, 2020-Ohio-6788, ¶ 15.

{¶ 13} Because the trial court found that it was not the appropriate venue for R.L.W.'s application, we focus on identifying the forum in which former R.C. 2953.52(A)(1) required a defendant to file his expungement application. As we set forth above, former 2953.52(A)(1) stated, "Any person, * * * who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." As used in former R.C. 2953.52(A)(1), "court" meant "the court in which * * * a dismissal of the complaint, indictment, or information in the case is entered on the minutes or journal of the court." Former R.C. 2953.51(C), 2019 Ohio Am.Sub.S.B. 10. Thus, reading the definition of "court" in conjunction with former R.C. 2953.52(A)(1), we conclude that former R.C. 2953.52(A)(1) permitted a defendant named

in a dismissed complaint to apply to the court in which the dismissal of the complaint was entered for an order sealing the records of the dismissed case.

{¶ 14} In this case, the parties do not dispute that the dismissal of the complaint charging R.L.W. with aggravated burglary was entered in the trial court. Therefore, the trial court was the appropriate venue for R.L.W.'s application to seal the records of the dismissal. The trial court erred in finding otherwise and denying R.L.W.'s application on that basis.

{¶ 15} On appeal, the state asserts multiple other grounds for the denial of R.L.W.'s expungement application that the trial court did not address. The state asserts that R.L.W.'s expungement application should fail because: (1) criminal proceedings remain pending against R.L.W., (2) sealing of the dismissal would result in a partial sealing of R.L.W.'s criminal record, and (3) the state's interests in maintaining the record outweigh R.L.W.'s interest in sealing the record. Appellate courts, as courts of review, generally do not rule on arguments not decided in the first instance by the trial court. *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, ¶ 21; *State v. Enyart*, 10th Dist. No. 22AP-645, 2023-Ohio-3373, ¶ 27. Consequently, we will leave the state's additional arguments for the trial court to sort out, if the state raises them on remand.

{¶ 16} For the foregoing reasons, we reverse the judgment of the Franklin County Municipal Court, and we remand this matter for further proceedings consistent with the law and this decision.

*Judgment reversed;*
*cause remanded.*

JAMISON and EDELSTEIN, JJ., concur.

———————————