[Cite as *Wright v. Application for Relief from Disability*, 2025-Ohio-1425.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ramone Wright,                                        :

      Petitioner-Appellant,          :               No. 24AP-526
(C.P.C. No. 23CV-762)

v.                                                          :

                                        (ACCELERATED CALENDAR)

Application for Relief from Disability,          :

      Respondent.                      :

D E C I S I O N

Rendered on April 22, 2025

**On brief:** *Ramone Wright*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Petitioner-appellant, Ramone Wright, appeals pro se from an order of the Franklin County Court of Common Pleas dismissing his petition for a writ of mandamus. For the following reasons, we affirm.

**I.  Facts and Procedural History**

{¶ 2} In February 2023, Wright filed a handwritten document in the trial court titled "Petition for Extraordinary Writ of Mandamus." (Compl. at 1.) The top area of the document, where a case caption would usually be placed, included Wright's name and address, the date, and a reference to Franklin C.P. No. 09CR-3758. No defendant was named in the caption area of the document. The assertions and arguments set forth in the document, and the attachments included with it, appear to relate to Wright's prior conviction in Franklin C.P. No. 09CR-3758. Wright proceeded to file various motions in the trial court, including two motions for appointment of counsel, a motion to expedite, a motion for summary judgment, and a motion for jury trial. In December 2023, the trial

court sua sponte issued an order dismissing Wright's petition for a writ of mandamus on grounds that it failed to comply with the requirements of R.C. 2731.04 because it was not filed in the name of the state on relation of the person applying for the writ. Wright appeals from that order.

## II. Assignment of Error

{¶ 3} Wright fails to set forth a specific assignment of error in his brief on appeal. Instead, his brief appears to contain arguments related to his underlying claims regarding his conviction in Franklin C.P. No. 09CR-3758. An appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 16(A)(3). Under App.R 12(A)(1)(b), this court must "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral argument under App.R. 21[.]" We have discretion to dismiss appeals that fail to set forth assignments of error. *State v. R.L.W.*, 2024-Ohio-1249, ¶ 9 (10th Dist.). In the interest of justice, however, we will review the appealed judgment in this case. *See id.*; *Curry v. Columbia Gas of Ohio, Inc.*, 2020-Ohio-2693, ¶ 14 (10th Dist.). Because the trial court dismissed Wright's petition for a writ of mandamus for failure to comply with the requirements of R.C. 2731.04, we will construe Wright's appeal as asserting that the trial court erred by reaching that conclusion.

## III. Discussion

{¶ 4} As noted, Wright titled his complaint as a "Petition for Extraordinary Writ of Mandamus." (Compl. at 1.) He also cited R.C. 2731.02, which specifies the courts that have jurisdiction to issue writs of mandamus, on the final page of his complaint. Although the allegations contained in Wright's complaint appear to relate to a claim for postconviction relief in Franklin C.P. No. 09CR-3758, Wright invoked the specific requirements for a writ of mandamus through the way he drafted the complaint. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

**{¶ 5}** An application for writ of mandamus must be filed "in the name of the state on the relation of the person applying." R.C. 2731.04. Failure to comply with this requirement is grounds for dismissal of a mandamus complaint. *Shoop v. State*, 2015-Ohio-2068, ¶ 10 ("[A] petition for a writ of mandamus may be dismissed for failure to bring the action in the name of the state."); *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34 ("The court has dismissed petitions for writs of mandamus when, inter alia, the action was not brought in the name of the state on the relation of the person requesting the writ."); *Ashley v. Kevin O'Brien & Assocs. Co., L.P.A.*, 2022-Ohio-24, ¶ 10 (10th Dist.) (dismissing complaint to the extent it sought mandamus relief because it was not filed in the name of the state on relation of the person applying).

**{¶ 6}** In this case, Wright filed the mandamus complaint in his own name and did not file in the name of the state on his relation, as required by R.C. 2731.04.[1] Accordingly, therefore, the trial court did not err by dismissing Wright's complaint for failure to comply with this statutory requirement.[2]

---

[1] R.C. 2731.04 also provides that an application for a writ of mandamus must be "verified by affidavit." In the dismissal order, the trial court stated that Wright also failed to comply with R.C. 2731.04 because he did not provide an affidavit verifying his complaint. We note, however, that the Supreme Court of Ohio has held that "the verification requirements contained in R.C. 2731.04 have been displaced by Civ.R. 11." *State ex rel. Madison v. Cotner*, 66 Ohio St.2d 448, 449 (1981). *See State ex rel. Turner v. Corrigan*, 2015-Ohio-980, ¶ 18 ("We have previously held that a statute requiring complaints to include affidavits of verification is unenforceable because it conflicts with Civ.R. 11, which states that pleadings 'need not be verified or accompanied by affidavit.'"); *see also State ex rel. Ross v. Vivo*, 2008-Ohio-4819, ¶ 8 (7th Dist.) ("The requirement that a petition for writ of mandamus be verified by affidavit has been effectively eradicated by Civ.R. 11[.]"); *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 349 (10th Dist. 1978) (holding that R.C. 2731.04 affidavit requirement was superseded by Civ.R. 11).

[2] We note that Wright previously filed a mandamus action in this court against the trial court judge, arguing his complaint was prematurely dismissed and seeking a writ of mandamus ordering the judge to reinstate the complaint. This court dismissed Wright's petition for mandamus, adopting a magistrate's decision that included the following conclusion about Wright's failure to comply with the statutory requirements for a mandamus action:

> Relator's complaint filed in 23CV-762 does not comply with the requirement in R.C. 2731.04 that an application for writ of mandamus must be brought in the name of the state on the relation of the person applying. Relator's petition does not contain a case caption but merely indicates his name and address, a date, a criminal case number, and that it is a petition for extraordinary writ of mandamus. The petition was not brought in the name of the state on the relation of relator. . . . Therefore, it was proper for respondent to dismiss the petition, and relator cannot show a clear legal right to have his petition reinstated or a clear legal duty on the part of the respondent to reinstate his petition.

## IV. Conclusion

{¶ 7}  For the foregoing reasons, we affirm the judgment of the Franklin County Court of Common Pleas.[3]

*Judgment affirmed.*

LELAND and DINGUS, JJ., concur.

_____

*Wright v. Cocroft*, 2024-Ohio-4645, ¶ 17 (10th Dist.).  The magistrate further found that Wright failed to file his mandamus petition in this court in the name of the state on his relation, which constituted grounds to dismiss the petition other than on the merits.  *Id.* at ¶ 18.

[3] On April 15, 2025, Wright filed with this court a "Case Information Request" in which he "request[ed] the Government's brief" in this case. Wright was the only party who filed a brief in this case.  Therefore, there is no other brief to provide to him.