[Cite as *State ex rel. Wright v. Clerk of Mun. Court*, 2025-Ohio-3242.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ramone L. Wright, | : | |
| Relator, | : | |
| | : | No. 24AP-746 |
| v. | : | (REGULAR CALENDAR) |
| Clerk of Court Municipal, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on September 9, 2025

*Ramone Wright*, pro se.

*Zach Klein*, City Attorney, *Orly Ahroni*, and *Richard N. Coglianese*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BOGGS, J.

{¶ 1} Relator, Ramone L. Wright, seeks a writ of mandamus ordering respondent, Clerk of Court Municipal ("Clerk"), to vacate a citation in Franklin M.C. case No. 2009 TRD 116533. For the following reasons, we overrule Wright's objections to the magistrate's decision, grant the Clerk's motion to dismiss, and deny Wright's petition for a writ of mandamus.

**I. PROCEDURAL HISTORY AND FACTS**

{¶ 2} On December 19, 2024, Wright, an inmate in South Carolina, filed a petition for a writ of mandamus related to his February 22, 2009 traffic citation for two counts of failure to reinstate driver's license, failure to wear a safety belt, and failure to signal. In his petition, Wright argued that the Clerk should vacate his conviction as it was based upon a defective citation and an alleged violation of due process. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On

January 6, 2025, the Clerk filed a motion to dismiss under Civ.R. 12(B)(1) and (6), arguing that Wright failed to comply with the requirements of R.C. 2969.25 by failing to include an affidavit attesting to the facts in his claim. The Clerk also argues that Wright failed to properly caption his claim, that he failed to allege any facts showing that he has a clear legal right to the relief sought, that he failed to show that the Clerk has a clear legal duty to provide that relief, and/or that he does not have an adequate remedy at law.

{¶ 3} The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended this court grant respondent's motion to dismiss Wright's petition for a writ of mandamus. The magistrate concluded that there was "no legal theory under which respondent, a the clerk of courts, would have the authority to 'examine' relator's conviction and vacate the trial court's judgment based upon a constitutional violation. Such authority rests with the trial court or appellate court." (Mag.'s Decision at ¶ 26.)

{¶ 4} On April 14, 2025, Wright filed objections to the magistrate's decision. In his objections, Wright repeated his arguments that the trial court violated his constitutional rights, and that the magistrate never ordered him to cure the defect in improperly naming his petition and, therefore, violated his rights to due process. We now consider Wright's objections to the magistrate's decision.

## II. ANALYSIS

{¶ 5} For this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 6} A motion to dismiss, pursuant to Civ.R. 12(B)(6), tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, L.L.C. v. Yost*, 2020-Ohio-551, ¶ 10 (10th Dist.), quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the relator's favor. *LeRoy v. Allen, Yurasek & Merklin*, 2007-Ohio-3608, ¶ 14.

{¶ 7} We agree with the magistrate that Wright has failed to show that the Clerk has any clear legal duty to provide Wright's requested relief. R.C. 1901.31 lays out the duties and powers of municipal clerks of court and does not include the authority to vacate a trial court's judgment, nor do they have the power to review or examine a trial court's decision. Therefore, as the Clerk does not have legal authority to perform Wright's requested relief, we conclude that the Clerk does not have a clear legal duty to vacate his conviction.

{¶ 8} Wright also argues that the magistrate violated his constitutional right to due process when he was not notified and given an opportunity to cure a defect in his petition for a writ of mandamus, namely his failure to properly caption his case. Wright does not cite to any legal authority that indicates a magistrate must notify a relator of a defect in their petition. We also note that the magistrate did not determine whether his caption was compliant but rather stated that "because the magistrate finds that relator's complaint fails to state a claim against respondent for which relief may be granted . . . the magistrate need not decide this issue." (Mag.'s Decision at ¶ 25.)

{¶ 9} For these reasons, we overrule Wright's objections to the magistrate's decision and adopt the magistrate's decision, including the findings of fact and conclusions of law, as our own. Wright has not established that he is entitled to a writ of mandamus. Accordingly, we grant respondent's motion to dismiss, deny the writ, and dismiss the action.

*Motion to dismiss granted*;
*petition for writ of mandamus denied*;
*cause dismissed.*

BEATTY BLUNT and LELAND, JJ., concur.

———————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel.  Ramone Wright, | : | |
| Relator, | : | |
| v. | : | No.  24AP-746 |
| Clerk of Court Municipal, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 25, 2025

*Ramone Wright*, pro se.

*Zach Klein*, City Attorney, and *Richard N. Coglianese,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 10}  Relator, Ramone Wright, has commenced this original action seeking a writ of mandamus ordering respondent, Clerk of Municipal Court, to vacate his unconstitutional conviction based upon a defective citation. Respondent has filed a motion to dismiss.

Findings of Fact:

{¶ 11}  1. Relator is an inmate incarcerated in South Carolina.

{¶ 12}  2. Respondent is the Franklin County Municipal Court Clerk of Courts.

{¶ 13}  3. On December 19, 2024, relator filed the instant mandamus action. The caption of the petition indicates "State," and then below that, relator has filled in blank lines with his name and address.

{¶ 14}  4. In his petition, relator alleges that his due process rights were violated because of a defective citation, and he possesses newly discovered evidence. He requests that respondent examine the record pertaining to reconfiguration of the citation violation and vacate his unconstitutional conviction. Based upon the petition and attachments, the mandamus action appears to relate to a February 22, 2009, traffic citation for two counts of failure to reinstate driver's license, failure to wear a safety belt, and failure to signal. The citation was assigned Franklin M.C.  No. 2009 TRD 116533. Relator plead guilty to one count of failure to reinstate, and the three other charges were dismissed in a December 19, 2024, judgment entry. Relator did not file any challenge to his conviction in the trial court or court of appeals.

{¶ 15}  5. Relator included with his petition for writ of mandamus a document purporting to be an affidavit stating that he has not filed any civil actions or appeals in the prior five-year period. The document is not notarized.

{¶ 16}  6. On January 6, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), raising three grounds for dismissal of relator's petition: (1) relator failed to comply with the requirements of R.C. 2969.25; (2) relator failed to properly caption his petition; and (3) relator's petition fails to allege any facts showing he has a clear legal right to the relief sought, respondent has a clear legal duty to provide that relief, or that relator does not have an adequate remedy at law.

Conclusions of Law:

{¶ 17}  The magistrate recommends that this court grant respondent's motion to dismiss relator's petition.

{¶ 18}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 19}  R.C. 2969.25 provides:

(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶ 20} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 21} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*,

2020-Ohio-551, ¶ 9 (10th Dist.). "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.), quoting *Vedder v. Warrensville Hts.*, 2002-Ohio-5567, ¶ 14 (8th Dist.).

{¶ 22} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 23} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992 Ohio App. LEXIS 73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion.).

{¶ 24} In the present case, respondent raised three arguments in support of dismissal of relator's petition. Respondent argues that although relator filed a purported R.C. 2969.25(A) affidavit of prior civil actions claiming that he has not filed any civil actions in the previous five years, the affidavit is not notarized. However, inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the previous five years need not file the affidavit of prior civil actions required by R.C.

2969.25(A). *State ex rel. Wickensimer v. Bartleson*, 2009-Ohio-4695, ¶ 3. Thus, because relator submits that he has not filed any civil actions in the prior five years, and respondent does not claim relator filed any civil actions against a government entity or employee in the prior five years, it follows that his failure to notarize the non-required R.C. 2969.25(A) affidavit was not fatal to his action.

{¶ 25} Respondent also argues that claimant has failed to bring his action in the name of the state on the relation of the person applying, as required by R.C. 2731.04. That statute provides that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." R.C. 2731.04. A petition for a writ of mandamus may be dismissed for failure to bring the action in the name of the state. *Shoop v. State*, 2015-Ohio-2068, ¶ 10, citing *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶34. Here, the case caption includes the word "State," under which relator has then written his name and address on blank lines. Whether this captioning is compliant with the dictates of R.C. 2731.04 is questionable. However, because the magistrate finds that relator's complaint fails to state a claim against respondent for which relief may be granted, as follows below, the magistrate need not decide this issue.

{¶ 26} Respondent contends that relator's petition fails to state a claim against respondent for which relief may be granted because relator cannot demonstrate what clear legal right he possesses, how respondent owes him a clear legal duty relative to a conviction, or that he lacks an adequate remedy at law by way of appeal. The magistrate agrees. Even if relator properly alleged a claim that he has a clear legal right to have his conviction vacated, relator cannot demonstrate that respondent has any clear legal duty to vacate his conviction. The magistrate can find no legal theory under which respondent, a clerk of courts, would have the authority to "examine" relator's conviction and vacate the trial court's judgment based upon a constitutional violation. Such authority rests with the trial court or appellate court. Relatedly, relator cannot show that he lacked an adequate remedy at law to challenge his conviction by way of motion in the trial court or appeal in the court of appeals. Therefore, even after presuming as true all of the factual allegations in the petition and making all reasonable inferences in favor of relator, it is beyond doubt that relator can prove no set of facts entitling him to a writ of mandamus.

{¶ 27} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.