[Cite as *State ex rel. Wright v. Franklin Cty. Mun. Court*, 2026-Ohio-277.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ramone Wright, | : | |
| Relator, | : | No. 25AP-562 |
| v. | : | (REGULAR CALENDAR) |
| [Franklin County Municipal Court], | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on January 29, 2026

**On brief:** *Ramone Wright*, pro se.

**On brief:** *Zachary M. Klein*, City Attorney, *Matthew D. Sturtz*, and *Richard N. Coglianese*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

DINGUS, J.

{¶ 1} Relator, Ramone Wright, has filed an original action requesting this court issue a writ of mandamus ordering respondent, Franklin County Municipal Court, to vacate his unconstitutional conviction because the trial court lacked subject-matter jurisdiction and was procedurally barred.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. Respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss. No objections have been filed to that decision.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.   In accordance with the magistrate's decision, we grant respondent's motion to dismiss.

*Motion to dismiss granted*;
*action dismissed.*

BOGGS, P.J., and JAMISON, J., concur.

———————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ramone Wright, | : | |
| Relator, | : | |
| v. | : | No. 25AP-562 |
| [Franklin County Municipal Court], | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 20, 2025

*Ramone Wright*, pro se.

*Zach Klein*, City Prosecuting Attorney, *Matthew D. Sturtz*, and *Richard N. Coglianese*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4} Relator, Ramone Wright, has commenced this original action seeking a writ of mandamus ordering respondent, Franklin County Municipal Court, to vacate his unconstitutional conviction because the trial court lacked subject-matter jurisdiction and was procedurally barred. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 5}   1. Relator is incarcerated in a federal correctional institution in South Carolina.

{¶ 6}   2. The case style of relator's petition indicates the respondent is "State of Ohio [line space] Franklin County ____of _____ Court." The body of the petition indicates the respondent is "state of ohio, municipal court." Relator's Affidavit of Verity, Affidavit of Civil Filings, and Affidavit of Indigency indicate the respondent is "State of Ohio [line space] Franklin County ____ of municipal court." Relator's "Opening Brief Legality of Dismissal" indicates the respondent is "State of Ohio." Relator's "Objection to Respondent's Motion to Dismiss Relator's petition for Writ of Mandamus" indicates that the respondent is Franklin County Municipal Court.

{¶ 7}   3. The City of Columbus Department of Law has appeared in the case as the attorney for the apparent proper respondent Franklin County Municipal Court.

{¶ 8}   4. In his petition, relator indicates he was the defendant in respondent's court in Franklin County Municipal Court No. 2008 CRA 029614 ("the municipal court case"), as well the defendant in the Franklin County Court of Common Pleas Court No. 09 CR 3758.

{¶ 9}   5. Although the petition is unclear, relator alleges that there was a defective complaint in violation of due process, he was not informed of the nature of the charges, and he has filed his mandamus action based upon newly discovered evidence. He also seems to raise an issue pertaining to the legality of the court's dismissal. Furthermore, relator alleges that he raised these issues before respondent on June 12, 2025, asserting that his conviction was not authorized, which resulted in a violation of substantive due process and procedural law. He also alleges that the indictment was invalid because the record lacked evidence that the grand jury returned it within the six-month statute of limitations. He prays that this court orders respondent to vacate the unconstitutional conviction because the trial court lacked subject-matter jurisdiction, and it was procedurally barred.

{¶ 10}  6. In the past five years, relator has filed the following civil actions: *State ex rel. Wright v. Clerk of Court Mun.*, 2025-Ohio-3242 (10th Dist.), a mandamus action; *State of Ohio v. Wright*, Franklin C.P. case No. 23 EP 1541, an application for expungement

pursuant to R.C. 2953.32(B)(1)(b); *Wright v. Ohio State*, 10th Dist. No. 24AP-94, an appeal of a Franklin County Court of Common Pleas decision and entry denying his third motion to seal civil record; *Wright v. Cocroft*, 2024-Ohio-4645 (10th Dist.), a mandamus action; *State ex rel. Wright v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 24AP-446, a mandamus action; *Wright v. Application for Relief From Disability*, Franklin C.P. case No. 23 CV 762, a mandamus action; *Wright v. Application for Relief from Disability*, 2025-Ohio-1425 (10th Dist.), an appeal of a dismissal of his petition for writ of mandamus; and *Wright v. Application for Relief from Disability*, 2025-Ohio-2749, an appeal of an affirmed mandamus dismissal that was not accepted for review.

{¶ 11} 7. On July 7, 2025, relator filed the present petition for writ of mandamus.

{¶ 12} 8. On August 7, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator filed a memorandum contra respondent's motion to dismiss, and respondent has filed a reply memorandum.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court grant respondent's motion to dismiss this action.

{¶ 14} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 15} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 16} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 17} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 18} In the present case, respondent raises the following grounds for dismissal: (1) the petition is procedurally defective because he failed to file an affidavit attesting to his prior civil filings in violation of R.C. 2969.25(A); (2) the petition is procedurally defective because it is insufficiently captioned under Civ.R. 10(A) due to its failure to clearly identify the court in which it was filed and failure to clearly name a respondent; (3) the petition fails on the merits because, assuming Franklin County Municipal Court is the intended respondent in the petition, a court is not sui juris and cannot sue or be sued; and

(4) the petition fails on the merits because it does not allege sufficient facts to support the alleged claims.

{¶ 19} Respondent's first argument is dispositive of its motion. R.C. 2969.25(A) provides, in pertinent part, the following:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25.

{¶ 20} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 21} Here, respondent argues that relator has failed to comply with the requirements in R.C. 2969.25(A) because relator did not file a R.C. 2969.25(A) affidavit of prior civil actions, and relator has filed at least one civil action in the previous five years. Relator filed with his petition a single-page pleading entitled Affidavit of Civil Filings; however, it is merely a title page and does not include any further information, any case names, or a notarization. A review of the online dockets in Franklin County confirms that relator has filed at least eight civil actions or appeals of civil actions in the prior five years: *State ex rel. Wright v. Clerk of Court Mun.*, 2025-Ohio-3242 (10th Dist.), a mandamus action; *State of Ohio v. Wright*, Franklin C.P. case No. 23 EP 1541, an application for expungement pursuant to R.C. 2953.32(B)(1)(b); *Wright v. Ohio State*, 10th Dist. No. 24AP-94, an appeal of a Franklin County Court of Common Pleas decision and entry denying his third motion to seal civil record; *Wright v. Cocroft*, 2024-Ohio-4645 (10th Dist.), a mandamus action; *State ex rel. Wright v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 24AP-446, a mandamus action; *Wright v. Application for Relief From Disability*, Franklin C.P. case No. 23 CV 762, a mandamus action; *Wright v. Application for Relief from Disability*, 2025-Ohio-1425 (10th Dist.), an appeal of a dismissal of his petition for writ of mandamus; and *Wright v. Application for Relief from Disability*, 2025-Ohio-2749, an appeal of an affirmed mandamus dismissal that was not accepted for review. Therefore, because relator has failed to file an affidavit of prior civil actions, and respondent has demonstrated that relator has filed at least one civil action in the previous five years that he has failed to report, relator's petition for writ of mandamus must be dismissed based upon R.C. 2969.25(A).

{¶ 22} Given the determination that relator failed to comply with the requirements in R.C. 2969.25(A) and the case must be dismissed on that ground, the magistrate declines to address respondent's remaining grounds for dismissal.

{¶ 23} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.