[Cite as *State ex rel. Wright v. State*, 2026-Ohio-1832.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Ramone Wright,      :

      Relator,      :

v.      :      No.  25AP-994

State of Ohio, Franklin County      :      (REGULAR CALENDAR)
Municipal Court,
            :

      Respondent.      :

            :

D E C I S I O N

Rendered on May 19, 2026

**On brief:** *Ramone Wright*, pro se.

**On brief:** *Zach Klein*, City Attorney, *Matthew D. Sturtz*, and *Richard N. Coglianese*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

MENTEL, J.

{¶ 1} Relator, Ramone Wright, filed this original action seeking a writ of mandamus ordering respondent, the Franklin County Municipal Court, to vacate the guilty plea he entered to one count of furnishing false information to avoid a traffic citation, in violation of R.C. 4513.361.  Mr. Wright is currently an inmate in a South Carolina federal prison.  Respondent filed a motion to dismiss under Civ.R. 12(B)(6), arguing that Mr. Wright failed to file an affidavit disclosing every civil action or appeal he has filed in the last five years, as required by R.C. 2969.25 of any inmate when commencing a civil action or appeal in an Ohio court.  Respondent also argued that apart from the failure to disclose his

prior civil litigation, Mr. Wright's claim for relief in mandamus fails as a matter of law because he had an adequate remedy at law by way of direct appeal of his conviction.

{¶ 2} In Mr. Wright's response, he first argued that the court's dismissal of one of the charges at the prosecutor's request somehow amounted to "fraud upon the court," but it is unclear how the dismissal of a charge against him could constitute an injury, much less one that mandamus might remedy. (Feb. 4, 2026 Memo Contra at 1.) He also argued that the prosecutor "made misrepresentations" to the municipal court "by reinstating the previously dismissed case" against him, with no further elaboration. *Id.*

{¶ 3} Mr. Wright also claimed that he "submitted an affidavit as required," but appeared to blame its non-appearance in the record on a lack of "internet access to document case" numbers, with reference to an "Exhibit 5" that was not attached to the memo or otherwise present in the record. *Id.* at 2. He filed a motion to supplement the record on January 6, 2026, but the only document attached to the motion is a copy of the municipal court complaint.

{¶ 4} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate concluded that although Mr. Wright had initiated a number of civil actions, he did not file the affidavit required by R.C. 2969.25 and therefore recommends dismissal of this action.

{¶ 5} Mr. Wright filed no objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other evident defect. *See, e.g., State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223 (10th Dist.) (adopting the magistrate's decision where no objections filed). Furthermore, our review of the record reveals that Mr. Wright's assertion that he did, in fact, file the affidavit is incorrect. Thus, we agree with the magistrate's conclusion that Mr. Wright failed to file the affidavit disclosing his prior civil litigation, as required by R.C. 2969.25(A).

{¶ 6} Failure to comply with R.C. 2969.25(A) requires dismissal of this action. Accordingly, we adopt the decision of the magistrate, grant respondent's motion to dismiss, deny Mr. Wright's motion to supplement the record, and dismiss the complaint for a writ of mandamus.

*Motion to dismiss granted*;
*motion to supplement the record denied*;
*complaint dismissed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ramone Wright, | : | |
| Relator, | : | |
| v. | : | No. 25AP-994 |
| State of Ohio, Franklin County Municipal Court, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 23, 2026

*Ramone Wright*, pro se.

*Zach Klein*, City Prosecuting Attorney, *Matthew D. Sturtz*, and *Richard N. Coglianese*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 7}  Relator, Ramone Wright, has commenced this original action requesting a writ of mandamus praying for this court to vacate his conviction in Franklin M.C. case No. 08 CRB 19446, alleging his plea was involuntary due to prosecutorial misconduct. Respondent, Franklin County Municipal Court, has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 8}   1. Relator is incarcerated in a federal correctional institution in South Carolina.

{¶ 9}   2. The case style of relator's petition indicates the respondent is "State of Ohio, Franklin County Municipal Court." The body of the petition presents arguments alleging violations by the Franklin County Municipal Court. The case styles for relator's affidavit of verity and affidavit of indigency name the same respondent in the same form as indicated in the case style for the petition.

{¶ 10}  3. The City of Columbus Department of Law has appeared in the case as the attorney for the apparent proper respondent Franklin County Municipal Court.

{¶ 11}  4. In his petition, relator indicates he was the defendant in respondent's court in Franklin County M.C. case No. 08 CRB 19446, which involved one count of furnishing false information to officer issuing traffic ticket pursuant to R.C. 4513.361. Relator subsequently pled guilty to the charge.

{¶ 12}  5. Relator alleges in his petition that his plea of guilty was not voluntary based upon prosecutorial misconduct. Relator also alleges he was not suspected of committing a crime, so the officer's request for his name was contrary to substantive law. Relator requests that his conviction be vacated based upon unreasonable search and seizure.

{¶ 13}  6. In the past five years, relator has filed at least the following civil actions and appeals: *State ex rel. Wright v. Clerk of Court Mun.*, 2025-Ohio-3242 (10th Dist.), a mandamus action; *State of Ohio v. Wright*, Franklin C.P. case No. 23 EP 1541, an application for expungement pursuant to R.C. 2953.32(B)(1)(b); *Wright v. Ohio State*, 10th Dist. No. 24AP-94, an appeal of a Franklin County Court of Common Pleas decision and entry denying his third motion to seal civil record; *Wright v. Cocroft*, 2024-Ohio-4645 (10th Dist.), a mandamus action; *State ex rel. Wright v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 25AP-446, a mandamus action; *Wright v. Application for Relief From Disability*, Franklin C.P. case No. 23 CV 762, a mandamus action; *Wright v. Application for Relief from Disability*, 2025-Ohio-1425 (10th Dist.), an appeal of a dismissal of his petition for writ of mandamus; *Wright v. Application for Relief from Disability*, 2025-Ohio-2749, an appeal of an affirmed mandamus dismissal that was not accepted for review; *State ex rel. Wright v. Franklin Cty. Mun. Court*, 2026-Ohio-277

(10th Dist.), a mandamus action; and *State ex rel. Wright v. Franklin Cty. Mun. Court*, 10th Dist. No. 25AP-935, a mandamus action.

{¶ 14} 7. On December 23, 2025, relator filed the present petition for writ of mandamus.

{¶ 15} 8. With his petition, relator did not file an affidavit of civil filings.

{¶ 16} 9. On January 6, 2026, relator filed a motion to expand record to include the complaint and sentencing entry from Franklin M.C. case No. 08 CRB 19446.

{¶ 17} 10. On January 16, 2026, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has filed a pleading in response to respondent's motion to dismiss but does not address the lack of an affidavit of civil filings.

Conclusions of Law:

{¶ 18} The magistrate recommends that this court grant respondent's motion to dismiss this action.

{¶ 19} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 20} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 21} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to

the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 22} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 23} In the present case, respondent raises the following grounds for dismissal: (1) the petition is procedurally defective because relator failed to file an affidavit attesting to his prior civil filings in violation of R.C. 2969.25(A); and (2) even if relator had complied with R.C. 2969.25, the petition fails to state a claim for relief in mandamus against respondent.

{¶ 24} Respondent's first argument is dispositive of its motion. R.C. 2969.25(A) provides, in pertinent part, the following:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25.

{¶ 25} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 26} Here, respondent first argues that relator has failed to comply with the requirements in R.C. 2969.25(A) because relator failed to file an affidavit of civil filings. The magistrate agrees. A review of the online dockets in Franklin County confirms that relator has filed at least the following civil actions and appeals in the prior five years: *State ex rel. Wright v. Clerk of Court Mun.*, 2025-Ohio-3242 (10th Dist.), a mandamus action; *State of Ohio v. Wright*, Franklin C.P. case No. 23 EP 1541, an application for expungement pursuant to R.C. 2953.32(B)(1)(b); *Wright v. Ohio State*, 10th Dist. No. 24AP-94, an appeal of a Franklin County Court of Common Pleas decision and entry

denying his third motion to seal civil record; *Wright v. Cocroft*, 2024-Ohio-4645 (10th Dist.), a mandamus action; *State ex rel. Wright v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 25AP-446, a mandamus action; *Wright v. Application for Relief From Disability*, Franklin C.P. case No. 23 CV 762, a mandamus action; *Wright v. Application for Relief from Disability*, 2025-Ohio-1425 (10th Dist.), an appeal of a dismissal of his petition for writ of mandamus; *Wright v. Application for Relief from Disability*, 2025-Ohio-2749, an appeal of an affirmed mandamus dismissal that was not accepted for review; *State ex rel. Wright v. Franklin Cty. Mun. Court*, 2026-Ohio-277 (10th Dist.), a mandamus action; and *State ex rel. Wright v. Franklin Cty. Mun. Court*, 10th Dist. No. 25AP-935, a mandamus action. Therefore, because respondent has demonstrated that relator has filed civil actions and appeals in the previous five years that he has failed to report in an affidavit of civil filings as required by R.C. 2969.25(A), relator's petition for writ of mandamus must be dismissed on this ground.

{¶ 27} Given the determination that relator failed to comply with the requirements in R.C. 2969.25(A), and the case must be dismissed on that basis, the magistrate need not address respondent's second ground for dismissal.

{¶ 28} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus. Relator's January 6, 2026, motion to expand record is denied as moot.

/S/ MAGISTRATE_____
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.