[Cite as *Robinson v. State*, 2021-Ohio-634.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

MARTIN ROBINSON

    Petitioner

    v.

STATE OF OHIO

    Respondent

C.A. No.    20CA011709


ORIGINAL ACTION IN
HABEAS CORPUS

Dated: March 8, 2021

---

PER CURIAM.

{¶1}    Petitioner Martin Robinson has filed a petition for writ of habeas corpus asking this Court to order the State of Ohio to release him from prison. Mr. Robinson, in an addendum, also named Lorain County Prosecutor Dennis Will as a respondent in this matter. Because Mr. Robinson's petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The respondents are a government entity and government employee and Mr. Robinson, incarcerated in the Madison Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements

of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Mr. Robinson failed to comply with several requirements.

{¶3} An inmate seeking waiver of filing fees, as Mr. Robinson is here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Supreme Court construes these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for each of the preceding six months" fails to comply with R.C. 2969.25(C)(1). *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6.

{¶4} Mr. Robinson's affidavit of indigency is incomplete for several reasons. The affidavit is not notarized. It only states that he is illegally incarcerated and that he earns no money. It does not provide the balance in his inmate account for any period of time. "'R.C. 2969.25(C) does not permit substantial compliance[;]'" it requires strict adherence by the filing inmate. *Id*. at ¶ 8, citing *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Robinson's affidavit does not comply with the mandatory requirements of R.C. 2969.25(C)(1) and this case must be dismissed.

{¶5} Because Mr. Robinson did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Robinson. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARTIN ROBINSON, Pro se, Petitioner.

J.D. TOMLINSON, Prosecuting Attorney, and KATHERINE L. KEEFER, Assistant Prosecuting Attorney, for Respondent.