**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Robinson v. State*, **Slip Opinion No. 2021-Ohio-3865.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3865

ROBINSON, APPELLANT, *v.* STATE OF OHIO, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Robinson v. State*, Slip Opinion No. 2021-Ohio-3865.]**

*Habeas corpus—R.C. 2969.25—Petitioner's affidavit of indigency was not notarized and failed to include the balance of his inmate account or a statement of any cash or things of value that he owns—Court of appeals' judgment of dismissal affirmed.*

(No. 2021-0421—Submitted September 7, 2021—Decided November 3, 2021.)

APPEAL from the Court of Appeals for Lorain County, No. 20CA011709, 2021-Ohio-634.

_____

**Per Curiam.**

{¶ 1} Appellant, Martin Robinson, appeals the Ninth District Court of Appeals' judgment dismissing his petition for a writ of habeas corpus. Robinson has also filed (1) a motion for " '*Brady*' discovery, evidence, and complete record"

and (2) a motion for oral argument.  (Emphasis sic.)  We deny Robinson's motions and affirm the court of appeals' judgment.

## I.  Factual and Procedural Background

{¶ 2} Robinson is serving a 55-year prison sentence.  On December 18, 2020, he filed a petition for a writ of habeas corpus in the Ninth District.  Robinson attached to his petition an affidavit of indigency, stating:

I, Martin Robinson, do hereby state that I am without the necessary funds to pay costs of this action for the following reasons:

I am illegally incarcerated in Ohio Department of Rehabilitation and Correction, and earn no money.

I request that any filing fees, court costs, deposits, if applicable, be waived, for all filings in these courts.

{¶ 3} The Lorain County Prosecuting Attorney, whom Robinson named as the respondent below, filed a motion to dismiss Robinson's petition under Civ.R. 12(B)(6), arguing that it was procedurally deficient on numerous grounds and that it failed state a claim that is cognizable in habeas corpus.  Robinson did not file a response to the motion to dismiss.

{¶ 4} Without expressly ruling on the state's motion, the court of appeals dismissed Robinson's petition.  The court of appeals found Robinson's affidavit of indigency deficient under R.C. 2969.25(C).  2021-Ohio-634, ¶ 4.  And because compliance with R.C. 2969.25 is mandatory when an inmate seeks to waive a court's filing fees in a civil action against a governmental entity or employee in a court of appeals, the court of appeals dismissed Robinson's petition without reaching the merits of his claims for habeas relief.  *See id.* at ¶ 2, 5.  Robinson appealed to this court as of right.

## II. Analysis

### A. Robinson's Motions

{¶ 5} With his reply brief in this appeal, Robinson included a motion for " '*Brady*' discovery, evidence, and complete record." (Emphasis sic.) Although Robinson presumably seeks through that motion evidence that is favorable to him regarding his underlying convictions, *see Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), he does not explain what evidence he is seeking or offer any argument supporting his request. To the extent that Robinson is seeking additional evidence in support of his habeas corpus claim, the request is improper. "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 16. Accordingly, we deny Robinson's motion.

{¶ 6} We also deny Robinson's motion for oral argument. A case may be set for oral argument under S.Ct.Prac.R. 17.02(A) if it "involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15. This case involves none of those criteria.

### B. Dismissal of the Habeas Petition

{¶ 7} We review de novo a court of appeals' dismissal of a habeas corpus action for failure to comply with the affidavit requirements in R.C. 2969.25. *See State ex rel. Steele v. Foley*, 164 Ohio St.3d 540, 2021-Ohio-2073, 173 N.E.3d 1209, ¶ 6-7.

{¶ 8} An inmate seeking a waiver of the court's filing fees when commencing a civil action against a governmental entity or employee in a court of common pleas, court of appeals, county court, or municipal court must file with his complaint an affidavit stating that he is seeking a waiver of the prepayment of the

court's full filing fees and an affidavit of indigency. R.C. 2969.25(C). The affidavits must contain (1) a statement setting forth the balance of the inmate's institutional account for each of the preceding six months and (2) a statement that sets forth all other cash and things of value owned by the inmate. *Id.* These requirements are mandatory and an inmate's failure to comply with them is a proper basis for dismissal of the action. *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 5.

{¶ 9} Robinson's affidavit of indigency did not satisfy the mandatory requirements. It was not notarized and is therefore defective. *See Griffin v. McFaul*, 116 Ohio St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527, ¶ 2, 4. Further, Robinson's affidavit failed to include the balance of his inmate account or a statement of any cash or things of value that he owns. *See* R.C. 2969.25(C)(2). These deficiencies made Robinson's habeas action subject to dismissal. *See State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, 150 N.E.3d 905, ¶ 7.

{¶ 10} In this appeal, Robinson does not argue that he satisfied R.C. 2969.25(C)'s mandatory requirements, much less that the court of appeals erred in dismissing his petition because of his noncompliance. Rather, Robinson argues the merits of his habeas claims, which the court of appeals never reached. Robinson therefore fails to demonstrate any error by the court of appeals warranting reversal of its judgment.

{¶ 11} Accordingly, the court of appeals correctly dismissed Robinson's habeas petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Martin Robinson, pro se.

J.D. Tomlinson, Lorain County Prosecuting Attorney, and Katherine L. Keefer, Assistant Prosecuting Attorney, for appellee.

_____