[Cite as *State ex rel. Wright v. Franklin Cty. Mun. Court*, 2026-Ohio-1626.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Ramone L. Wright, :

      Relator, :

v. : No. 25AP-935

State of Ohio Franklin County : (REGULAR CALENDAR)
Municipal Court,
:
      Respondent.
:

---

D E C I S I O N

Rendered on May 5, 2026

---

*Ramone Wright*, pro se.

*Zach Klein*, City Attorney, *Matthew D. Sturtz*, and *Richard N. Coglianese*, for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1} Relator, Ramone L. Wright, requests a writ of mandamus ordering the reversal of the indictment in Franklin County Court of Common Pleas case No. 09CR-3758 based upon an alleged constitutional injury that resulted from a constructive amendment. Respondent has filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that (1) relator's petition is procedurally defective because relator failed to file a properly executed affidavit attesting to his prior civil filings in violation of R.C. 2969.25(A); and (2) relator's petition is procedurally defective because

even if the affidavit attesting to his prior civil filings was properly executed, it failed to list any civil actions or appeals that relator filed in the previous five years in state or federal court, in violation of R.C. 2969.25(A). Accordingly, the magistrate recommended this court grant the motion to dismiss filed by respondent and dismiss relator's action.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein, and conclude that relator has not shown he is entitled to a writ of mandamus and his action must be dismissed.

*Writ of mandamus denied*;
*motion to dismiss granted*;
*complaint dismissed*.

MENTEL and EDELSTEIN, JJ., concur.

————————————

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ramone Wright, | : | |
| Relator, | : | |
| v. | : | No. 25AP-935 |
| State of Ohio Franklin County Municipal Court, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 23, 2026

*Ramone Wright*, pro se.

*Zach Klein*, City Prosecuting Attorney, *Matthew D. Sturtz*, and *Richard N. Coglianese*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator, Ramone Wright, has commenced this original action requesting a writ of mandamus praying for the reversal of the indictment in Franklin C.P. case No. 09 CR 3758 based upon a constitutional injury that resulted from a constructive amendment. Respondent, Franklin County Municipal Court, has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 6} 1. Relator is incarcerated in a federal correctional institution in South

Carolina.

{¶ 7} 2. The case style of relator's petition indicates the respondent is "State of Ohio [line space] Franklin County Municipal Court." The body of the petition presents arguments alleging violations by both the State of Ohio and Franklin County Municipal Court. The case styles for relator's affidavit of verity, affidavit of civil filings, and affidavit of indigency name the same respondent in the same form as indicated in the case style for the petition.

{¶ 8} 3. The City of Columbus Department of Law has appeared in the case as the attorney for the apparent proper respondent Franklin County Municipal Court.

{¶ 9} 4. In his petition, relator indicates he was the defendant in respondent's court in Franklin County M.C. case No. 2008 CRA 029614, which involved one count of improperly handling a firearm pursuant to R.C. 2923.16. That case was dismissed. Subsequently, relator was then the defendant in Franklin C.P. case No. 09 CR 3758, which also involved, among other charges, improper handling of a firearm pursuant to R.C. 2923.16.

{¶ 10} 5. Although the precise nature of the allegations in the petition is unclear, relator alleges the following: relator suffered a violation of due process based upon fraud on the court, where the impartial function of the court has been directly corrupted; on November 28, 2008, relator was charged with improperly handling a firearm in a motor vehicle, which was dismissed; on June 24, 2009, Franklin County Municipal Court bound over the municipal court case by using a new docket number Franklin C.P. case No. 09 CR 3758; the Franklin County Common Pleas Court lacked jurisdiction because of fraud upon the court by the Franklin County Municipal Court's tampering with government documents; the State of Ohio's claims are procedurally barred by the statute of limitations; the indictment was defective, which deprived him of his liberty; and a constructive amendment results when the terms of an indictment are altered by the presentation of evidence and grand jury instructions that modify the essential elements of the offense charged (case number in conjunction with date of offense).

{¶ 11} 6. In the past five years, relator has filed at least the following civil actions and appeals: *State ex rel. Wright v. Clerk of Court Mun.*, 2025-Ohio-3242 (10th Dist.), a mandamus action; *State of Ohio v. Wright*, Franklin C.P. case No. 23 EP 1541, an

application for expungement pursuant to R.C. 2953.32(B)(1)(b); *Wright v. Ohio State*, 10th Dist. No. 24AP-94, an appeal of a Franklin County Court of Common Pleas decision and entry denying his third motion to seal civil record; *Wright v. Cocroft*, 2024-Ohio-4645 (10th Dist.), a mandamus action; *State ex rel. Wright v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 25AP-446, a mandamus action; *Wright v. Application for Relief From Disability*, Franklin C.P. case No. 23 CV 762, a mandamus action; *Wright v. Application for Relief from Disability*, 2025-Ohio-1425 (10th Dist.), an appeal of a dismissal of his petition for writ of mandamus; *Wright v. Application for Relief from Disability*, 2025-Ohio-2749, an appeal of an affirmed mandamus dismissal that was not accepted for review; and *State ex rel. Wright v. Franklin Cty. Mun. Court*, 2026-Ohio-277 (10th Dist.), a mandamus action.

{¶ 12} 7. On December 2, 2025, relator filed the present petition for writ of mandamus.

{¶ 13} 8. With his petition, relator filed an affidavit of civil filings. Relator lists the Franklin County M.C. case No. 2008 CRA 029614, and Franklin C.P. case No. 09 CR 3758. He also directs, "refer to clerk of court websites [line space] Franklin County Municipal Court [line space] Franklin County Common Pleas." The affidavit of civil filings is not notarized.

{¶ 14} 9. On December 23, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has filed two pleadings addressing respondent's motion to dismiss, and respondent has filed a reply in further support of its motion to dismiss.

Conclusions of Law:

{¶ 15} The magistrate recommends that this court grant respondent's motion to dismiss this action.

{¶ 16} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 17} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are

made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 18} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 19} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is

accessible on the internet).

{¶ 20} In the present case, respondent raises the following grounds for dismissal: (1) the petition is procedurally defective because relator failed to file a properly executed affidavit attesting to his prior civil filings in violation of R.C. 2969.25(A); (2) the petition is procedurally defective because even if the affidavit attesting to his prior civil filings was properly executed, it failed to list any civil actions or appeals that he filed in the previous five years in state or federal court in violation of R.C. 2969.25(A); (3) even if relator had complied with R.C. 2969.25, his petition is procedurally defective because it is insufficiently captioned under Civ.R. 10(A) due to its failure to clearly name a respondent; (4) even if the petition were procedurally compliant, the petition fails on the merits because, assuming Franklin County Municipal Court is the intended respondent in the petition, a court is not sui juris and cannot sue or be sued; and (5) the petition fails on the merits because it does not allege sufficient facts to support the alleged claims.

{¶ 21} Respondent's first and second arguments are dispositive of its motion. R.C. 2969.25(A) provides, in pertinent part, the following:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or

made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25.

{¶ 22} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 23} Here, respondent first argues that relator has failed to comply with the requirements in R.C. 2969.25(A) because relator's affidavit of civil filings was not notarized and, therefore, is defective. The magistrate agrees. Because relator's affidavit of civil filings was not notarized as required by R.C. 2969.25(A), the petition must be dismissed. *See Hayes v. Sheriff*, 2024-Ohio-2343, ¶ 26 (10th Dist.) (finding that because petitioner's affidavit of prior civil actions was not notarized, it was defective and subject to dismissal), citing *Robinson v. State*, 2021-Ohio-3865, ¶ 9 (finding affidavit of indigency submitted under R.C. 2969.25(C) to be defective because it was not notarized).

{¶ 24} Respondent next argues that relator's R.C. 2969.25(A) affidavit of civil filings fails to include numerous civil actions and appeals he has filed in the previous five years. In his affidavit of prior civil filings, relator indicates he has filed two civil filings: Franklin County M.C. case No. 2008 CRA 029614, and Franklin C.P. case No. 09 CR 3758. These are not civil filings filed by relator in the last five years. Furthermore, in the affidavit, relator directs, "refer to clerk of court websites [line space] Franklin County Municipal Court [line space] Franklin County Common Pleas." This statement is insufficient to comply with R.C. 2969.25(A), which requires that the affidavit shall include all of the following for each of the prior civil actions or appeals: a brief description of the nature of the civil action or appeal; the case name, case number, and the court in which the civil action or appeal was brought; the name of each party to the civil action or appeal; and the outcome of the civil action or appeal.

{¶ 25} A review of the online dockets in Franklin County confirms that relator has filed at least the following prior civil actions and appeals in the prior five years: *State ex rel. Wright v. Clerk of Court Mun.*, 2025-Ohio-3242 (10th Dist.), a mandamus action; *State of Ohio v. Wright*, Franklin C.P. case No. 23 EP 1541, an application for expungement pursuant to R.C. 2953.32(B)(1)(b); *Wright v. Ohio State*, 10th Dist. No. 24AP-94, an appeal of a Franklin County Court of Common Pleas decision and entry denying his third motion to seal civil record; *Wright v. Cocroft*, 2024-Ohio-4645 (10th Dist.), a mandamus action; *State ex rel. Wright v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 25AP-446, a mandamus action; *Wright v. Application for Relief From Disability*, Franklin C.P. case No. 23 CV 762, a mandamus action; *Wright v. Application for Relief from Disability*, 2025-Ohio-1425 (10th Dist.), an appeal of a dismissal of his petition for writ of mandamus; *Wright v. Application for Relief from Disability*, 2025-Ohio-2749, an appeal of an affirmed mandamus dismissal that was not accepted for review; and *State ex rel. Wright v. Franklin Cty. Mun. Court*, 2026-Ohio-277 (10th Dist.), a mandamus action. Therefore, because respondent has demonstrated that relator has filed civil actions and appeals in the previous five years that he has failed to report in his affidavit of civil filings, relator's petition for writ of mandamus must also be dismissed on this ground.

{¶ 26} Given the determination that relator failed to comply with the requirements in R.C. 2969.25(A), and the case must be dismissed on that basis, the magistrate need not address respondent's remaining grounds for dismissal.

{¶ 27} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.